UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROMULO BAUTISTA-OCAMPO,<br>GUSTAVO MIRAMONTES-PONCE and<br>JESUS FLORES-MANZO,<br><br>    Defendant. | Case No. CR05-5264FDB<br><br>ORDER DENYING AS PREMATURE DEFENDANTS' MOTION FOR INFORMATION RE: CONFIDENTIAL INFORMANTS |

Before the Court is the motion of Defendant Gustavo Miramontes-Ponce to disclose the identity and other information about the Government's confidential source (CI). Defendants Romulo Bautista-Ocampo and Jesus Flores-Manzo have joined in the motion. The Court, having reviewed the motion, response, and balance of the record, finds, for the reasons set forth herein, that the motion should be denied as premature.

I.

Defendant moves the Court to compel the Government to disclose various information relating to the CI, including the CI's criminal record, proof of payment and other benefits including tax returns, investigation and "pedigree" records, mental health and drug and alcohol records, pre-sentence and probation reports, and any other information bearing on the CI's credibility or reliability. Defendant claims he is entitled to this information because the CI arranged and participated in several meetings with Defendants, reported on Defendants' activities throughout the

ORDER - 1

investigation, claimed that Defendant Ponce made incriminating statements, and was present when Defendant Ponce was arrested. The Government does not dispute that most of the information requested by Defendants is *Brady/Giglio* material, which it is required to disclose and which it intends to provide to Defendants at least one week prior to trial.

II.

Defendant has failed to provide the Court with any basis for concluding that an earlier disclosure is essential to a fair trial and that his need for an earlier disclosure is not outweighed by the Government's interest in protecting the CI and preventing the loss of the use of its CI. However, the Government shall make complete discovery[1] at the earliest time practicable to insure that the defense is given adequate time to prepare for trial.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion for information re: confidential informants (Dkt. # 32) is **DENIED**.

DATED this 18th day of May, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] The Government disputes that Defendants are entitled to information such as the CI's social security number, non-conviction data, and tax returns, unless this information falls within the *Brady/Giglio* line of reasoning. As noted above, disclosure of all *Brady/Giglio* material should be made as soon as possible and, if issues such as this remain after disclosure, the Court will take them up prior to trial.

ORDER - 2